UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: _____

HUMBERTO GUTIERREZ, GLORIA E. DIAZ, )
and other similarly situated individuals, )
)
Plaintiffs, )
)
v. )
)
GEMILANG SOLUTIONS LLC, HAYDE )
RODRIGUEZ, and JUAN RODRIGUEZ, )
)
Defendants. )
)
_____ )

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs HUMBERTO GUTIERREZ and GLORIA E. DIAZ (the "Plaintiffs") and other similarly situated individuals sue defendants GEMILANG SOLUTIONS LLC, HAYDE RODRIGUEZ, and JUAN RODRIGUEZ (collectively, the "Defendants") and allege:

### JURISDICTION AND VENUE

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) (the "Act" or the "FLSA").

3. The Defendant GEMILANG SOLUTIONS LLC (the "Corporate Defendant") is a Florida Limited Liability Company duly authorized and existing under the laws of the State of Florida and residing and conducting business in Osceola County, Florida.

4. The Defendants HAYDE RODRIGUEZ and JUAN RODRIGUEZ (the "Individual Defendants"), upon information and belief, reside and conduct business in Osceola County, Florida.

5. The Plaintiffs are residents of Osceola County, Florida, within the jurisdiction of this Honorable Court. The Plaintiffs are a covered employees for purposes of the Act.

6. The acts or omissions giving rise to this Complaint occurred in whole or in part in, Osceola County, Florida.

7. The acts complained of occurred within this judicial district, the Defendants have their principal place of business and reside within this judicial district, and the employment records of the Plaintiff are stored or have been administered in this judicial district.

## GENERAL ALLEGATIONS

8. At all times material, Corporate Defendant is and was a cleaning company.

9. Plaintiffs worked for Defendants as part of their cleaning crew. Plaintiff HUMBERTO GUTIERREZ (individually "Gutierrez") primarily worked washing dishes for the Defendants. Plaintiff GLORIA E. DIAZ (individually "Diaz") primarily worked polishing items.

10. When Plaintiffs worked for Defendants, Gutierrez spent between 50-70 hours per week working for Defendants and Diaz spent anywhere between 50-60 hours per week working for Defendants.

11. Gutierrez's hourly rate while employed by Defendants was $10.50 per hour. Gutierrez's employment with the Defendants lasted from approximately October 2, 2021 through March 2, 2022.

12. Diaz's hourly rate while employed by Defendants was $10.50 per hour. Diaz's employment with the Defendants lasted from approximately October 1, 2021 through March 3, 2022.

13. Defendants did not pay overtime to any of the Plaintiffs when they worked more than 40 hours per week.

## COUNT I: FLSA VIOLATION BY CORPORATE DEFENDANT

14. The Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-13 above as if set out in full herein.

15. The Plaintiffs are covered employees for purposes of the Act.

16. This action is brought by the Plaintiffs and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

17. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

18. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

19. At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state

lines of other states, and the Corporate Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees.

20. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or the Plaintiffs and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

21. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiffs and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a cleaning company and, through its business activity, affects interstate commerce. The Plaintiffs' work for the Corporate Defendant likewise affects interstate commerce. Plaintiffs were employed by the Corporate Defendant in the cleaning crew for the Corporate Defendant's business.

### *GUTIERREZ*

22. While employed by the Corporate Defendant, Gutierrez worked approximately an average of 50-70 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Gutierrez was employed washing dishes performing the same or similar duties as that of those other similarly situated individuals washing

dishes whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

23. Gutierrez worked for the Corporate Defendant from approximately October 2, 2021, to March 2, 2022. In total, Gutierrez worked approximately 22 compensable weeks under the Act, or 22 compensable weeks if counted 3 years back from the filing of the instant action.

24. The Corporate Defendant paid Gutierrez on average approximately $10.50 per hour.

25. However, the Corporate Defendant did not properly compensate Gutierrez for hours that Gutierrez worked in excess of 40 per week.

26. Gutierrez seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

27. Prior to the completion of discovery and to the best of Gutierrez's knowledge, at the time of the filing of this Complaint, Gutierrez's good faith estimate of his unpaid overtime wages is as follows:

    a. **Actual Damages**: $2,310.00

        1. **Calculation**: $10.50 (pay rate) x .5 (overtime rate) x 20 (average weekly overtime hours) x 22 (compensable weeks) = $2,310.00

    b. **Liquidated Damages**: $2,310.00

    c. **Total Damages**: $4,620.00 plus reasonable attorneys' fees and costs of suit.

28. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Gutierrez and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendant to properly pay them at the rate of

time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

29. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Gutierrez and those similarly situated these overtime wages since the commencement of the Gutierrez's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Gutierrez and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

30. The Corporate Defendant willfully and intentionally refused to pay Gutierrez overtime wages as required by the laws of the United States as set forth above and remains owing Gutierrez these overtime wages since the commencement of Gutierrez's employment with the Corporate Defendant as set forth above.

31. Gutierrez has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## *DIAZ*

32. While employed by the Corporate Defendant, Diaz worked approximately an average of 50-60 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which she was employed. Diaz was employed by Defendant to

polish items, and performed the same or similar duties as that of those other similarly situated individuals employed by Defendants to polish items and whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

33. Diaz worked for the Corporate Defendant from approximately October 1, 2021 to March 3, 2022. In total, Diaz worked approximately 22 compensable weeks under the Act, or 22 compensable weeks if counted 3 years back from the filing of the instant action.

34. The Corporate Defendant paid Diaz on average approximately $10.50 per hour.

35. However, the Corporate Defendant did not properly compensate Diaz for hours that Diaz worked in excess of 40 per week.

36. Diaz seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

37. Prior to the completion of discovery and to the best of Diaz's knowledge, at the time of the filing of this Complaint, Diaz's good faith estimate of her unpaid overtime wages is as follows:

   a. **Actual Damages**: $1,732.50

      1. **Calculation**: $10.50 (pay rate) x .5 (overtime rate) x 15 (average weekly overtime hours) x 22 (compensable weeks) = $1,732.50

   b. **Liquidated Damages**: $1,732.50

   c. **Total Damages**: $3,465.00 plus reasonable attorneys' fees and costs of suit.

38. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Diaz and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendant to properly pay them at the rate of time-and-

one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

39. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Diaz and those similarly situated these overtime wages since the commencement of the Diaz's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Diaz and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

40. The Corporate Defendant willfully and intentionally refused to pay Diaz overtime wages as required by the laws of the United States as set forth above and remains owing Diaz these overtime wages since the commencement of Diaz's employment with the Corporate Defendant as set forth above.

41. Diaz has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fees.

**WHEREFORE**, the Plaintiffs and those similarly situated request that this Honorable Court:

   a. Enter judgment for the Plaintiffs and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

   b. Award the Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

    c. Award the Plaintiffs an equal amount in double damages/liquidated damages; and

    d. Award the Plaintiffs reasonable attorneys' fees and costs of suit; and

    e. Grant such other and further relief as this Court deems equitable and just.

## COUNT II: FLSA VIOLATION BY INDIVIDUAL DEFENDANTS

42. The Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-41 above as if set out in full herein.

43. The Plaintiffs are covered employees for purposes of the Act.

44. At the times mentioned, the Individual Defendants were, and are now, the owners and principal officers of the Corporate Defendant.

45. The Individual Defendants were and are employers of the Plaintiffs and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including the Plaintiffs and others similarly situated.

46. The Individual Defendants had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided the Plaintiffs with their work schedule, set Plaintiffs' rate of pay, and are jointly liable for the Plaintiffs' damages.

47. The Individual Defendants are and were, at all times relevant, persons in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

48. The Individual Defendants directly communicated to Plaintiffs that the Corporate Defendant "does not pay overtime."

49. The Individual Defendants willfully and intentionally caused the Plaintiffs not to receive overtime compensation as required by the laws of the United States as set forth above and

remain owing the Plaintiffs these overtime wages since the commencement of the Plaintiffs' employment with the Corporate Defendant as set forth above.

50. The Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiffs and those similarly situated request that this Honorable Court:

a. Enter judgment for the Plaintiffs and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award the Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award the Plaintiffs an equal amount in double damages/liquidated damages; and

d. Award the Plaintiffs reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

Dated: April 29, 2022.

Respectfully submitted,

By: */s/Aron Smukler*
Aron Smukler, Esquire
Fla. Bar No.: 0297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiffs*