UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No.: 6:22-cv-00816-PGB-LHP

| | |
|---|---|
| HUMBERTO GUTIERREZ, GLORIA E. DIAZ, and other similarly situated individuals, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| GEMILANG SOLUTIONS LLC, HAYDE RODRIGUEZ, and JUAN RODRIGUEZ, | ) ) ) ) |
| Defendants. | ) |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, HUMBERTO GUTIERREZ and GLORIA DIAZ ("Plaintiffs"), and Defendants, GEMILANG SOLUTIONS LLC, HAYDE RODRIGUEZ and JUAN RODRIGUEZ ("Defendants") (collectively "the Parties"), pursuant to *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Parties' Settlement Agreement is attached as **Exhibit "A"** (the "Agreement")**.**

1

## I.     Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First, 29 USC 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of a FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of

> back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiffs' FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiffs against their former employers.

The Agreement attached to this Motion (**Exhibit "A"**), includes every term and condition of the Parties' settlement.

The Parties agree that the instant action involves disputed issues regarding the Plaintiffs' claimed unpaid wages and termination and damages potentially available to Plaintiffs. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiffs and Defendants discussed (extensively) the Plaintiffs' alleged status as an employee, they discussed subject matter jurisdiction, the Plaintiffs' alleged unpaid wages, their pay rate, the applicability of defenses, calculation of damages, and the applicable statute of limitations. Based on these discussions, the Parties formulated their own proposed discovery and trial strategy, and settlement figures.

The Parties then engaged in detailed and extensive settlement discussions, based upon their independent calculations and what they thought were their respective estimations should the case go to trial.

Later, the Parties voluntarily agreed to the terms of their settlement at the conclusion of their negotiations and jointly prepared the Agreement.

## II. Terms of Settlement

This case involved, a claim for unpaid wages. The Plaintiffs claimed that they worked for Defendants as employees of Defendants and that during the time they were employed they were not properly paid for all hours worked. The Defendants denied Plaintiffs' claims.

The Parties had several in depth discussions on damages and exchanged detailed information concerning the Plaintiffs' status, as well as the Plaintiffs' pay, hours worked, and time records. Given the Parties' respective positions on the issues raised in the operative complaint, the Parties agree that they would incur great expense litigating these issues through trial. Given the amount claimed, and the possibility of the Plaintiffs' recovering nothing additional to what was previously offered by the Defendants, the Parties agree that a global lump sum payment of Eleven Thousand Five Hundred Dollars ($11,500.00) to Plaintiffs is a fair compromise.

As a result, the settlement agreed upon in this matter – total payment of Eleven Thousand Five Hundred Dollars ($11,500.00) as full and final settlement, inclusive of

attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties have also agreed that the settlement payment will be apportioned as follows:

a. As to Gloria Diaz:
    a. $442.31 representing unpaid overtime wages.
    b. $442.31 with no deductions as liquidated damages.

b. As to Humberto Gutierrez:
    a. $1,390.57 representing unpaid overtime wages.
    b. $1,390.57 with no deductions as liquidated damages

c. $7,834.24 shall be paid to Plaintiffs' attorneys as reasonable attorney's fees ($7,107.24) and costs ($727.00)

The attorney's fees and costs concerning the above-styled action have been negotiated and will be paid *separately* from Plaintiffs' recovery. Counsel for Plaintiffs further stipulates that the amount recovered by Saenz & Anderson, PLLC in attorney's fees and costs is fair and reasonable, and that they accept this in full satisfaction of the attorney's fees and costs incurred on the Plaintiffs' behalf. A copy of Saenz & Anderson, PLLC's declaration and billing records in support of this Motion are attached as **Exhibit "B"**.

The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties and dismiss the instant action with prejudice.

Respectfully submitted,

| | |
|---|---|
| */s/ Julisse Jimenez*<br>Julisse Jimenez (FBN: 65387)<br>E-mail: julisse@saenzanderson.com<br>R. Martin Saenz<br>E-mail: msaenz@saenzanderson.com<br>SAENZ & ANDERSON, PLLC<br>20900 NE 30th Avenue, Ste. 800<br>Aventura, Florida 33180<br>Telephone: (305) 503-5131<br>Facsimile: (888) 270-5549<br>*Counsel for Plaintiffs* | */s/ Jamie L. White*<br>Jamie L. White (FBN: 100018)<br>E-mail: jamie@spirelawfirm.com<br>filings@spirelawfirm.com<br>marcela@spirelawfirm.com<br>2572 West State Rd 426, Suite 2088<br>Oviedo, Florida 32765<br>Telephone: (407)494.0135<br>*Counsel for Defendants* |